■ Constantine Vanech et al., Appellants, v. State of New York, Respondent. (Claim No. 42246.) — Staley, Jr., J. Appeal by the claimants from a judgment of the Court of Claims which awarded the claimants the sum of $23,900 and interest in an appropriation case on the grounds of inadequacy. The claimants were the owners of a parcel of land situate at the southwest corner of Sunrise Highway and Lake Shore Boulevard in the Village of Massapequa Park, Nassau County, consisting of 11,739 square feet. On May 5, 1961 the State appropriated the northerly 2,150 square feet thereof, leaving a balance of 9,589 square feet. On the date of the appropriation the premises were improved with three buildings: a gas station on the corner, a restaurant-bar and grill facing Sunrise Highway, and a small frame garage at the rear of the property. The gas station and the restaurant-bar and grill were both nonconforming uses which antedated the zoning regulations of the Village. On June 29, 1961 the claimants sold the remaining 9,589 square feet for the sum of $40,000 of which $10,000 was paid in cash, and the claimants accepted for the balance a purchase-money mortgage in the amount of $30,000 with interest at 5½% per annum amortized for 20 years. On the trial the claimants' expert established the value of the property before the appropriation in the sum of $63,900. The State offered no evidence as to before value and accepted the claimants' before value as did the court. The court found the before value to be $63,900, the after value to be $40,000, and the direct damages to be $23,900. The claimants now contend that the award was inadequate in that the sale on June 29, 1961 included a liquor license, a permit for a gasoline service station, and an inflated mortgage which is not readily negotiable. An arm's length sale of the subject-property is the best evidence of market value, if recent in time, and not explained away as abnormal in any fashion. (*Matter of Lane Bryant* v. *Tax Comm. of City of N. Y.*, 21 A D 2d 669, affd. 19 N Y 2d 715.) The claimants' attempt to explain away the sale price on the ground that it was inclusive of the liquor license and gasoline station permit is of no avail. The benefits of the liquor license belonged exclusively to the tenant and constituted no property which the claimants could sell. The permit for the gasoline station was issued prior to the zoning regulations of the village and the business conducted thereunder was a nonconforming use which terminated upon the appropriation. The claimants further contend that, since

the purchase-money mortgage taken on the sale was unusually generous and inflated the sales price, it must be discounted by 10% to arrive at market value. Although there appears to be some authority for the claimants' contention (see *Matter of County of Westchester* v. *P. & M. Materials Corp.,* 38 Misc 2d 734, revd. on other grounds, 20 A D 2d 431; *Riley* v. *District of Columbia Redevelopment Land Agency,* 246 F. 2d 641), the general rule would appear to be otherwise. If we were to adopt the rule advocated by the claimants, comparable sales used to establish market value would have to be scrutinized to determine whether the sales price included a mortgage and, if so, whether the mortgage should be discounted. In each case expert testimony by qualified experts would have to be received as to the discount value of the mortgage involved. In our opinion, the advocated rule is highly impractical and burdensome. It may be proper in exceptional cases such as in the case of *Matter of County of Westchester* v. *P. & M. Materials Corp.* (*supra*) which involved a second mortgage in the amount of $1,108,377.50 which was subject to a first mortgage in the amount of $568,700 on a total purchase price of $1,918,440. The other case cited by the claimants (*Riley* v. *District of Columbia Redevelopment Land Agency, supra*) is also exceptional since in that case the purchase was made by the payment of 3% in cash and the balance by a 97% mortgage. In the instant case the purchase price was 25% in cash and 75% by a first mortgage. This mortgage is not so unusual or generous as to require discounting it. Further, there is no adequate testimony in the record which would indicate that such a mortgage was not generally available, and there is no proof that the parties agreed to increase the purchase price by reason of the mortgage. The only evidence adduced concerning the contract of sale is that an offer was made, and it was accepted. There is no sound basis for appellants' claim of inadequacy. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J. [50 Misc 2d 259.]